```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JUSTUS PEELER,

               Plaintiff,

vs.                                       Case No.   2:05-cv-243-FtM-99SPC

THOMAS DOUBERLY; T. MCCARDEL; DR. PAREKH,

               Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants', Douberley, McCardel, and Parekh, Motions to Dismiss (Docs. #28, #29, #30, respectively), filed on February 17, 2006.  In response, Plaintiff filed a "Motion of Opposition to Defendants' Answer" (Doc. #31) on March 29, 2006.  Therefore, this matter is now ripe for review.

**I.**

*Pro se* Plaintiff[1] filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on March 3, 2005 in the United States District Court for the Southern District of Florida.  The case was subsequently transferred to the Middle District on May 20, 2005.  (See Complaint at Doc. #1.)  The Complaint states that Defendants

---

[1] Plaintiff is currently incarcerated at Everglades Correctional Institute.

from Moore Haven Correctional Institute ("MHCI") violated the Eighth Amendment's prohibition against cruel and unusual punishment, specifically by acting with medical indifference, when Defendants took away Plaintiff's cane and denied Plaintiff orthopedic shoes. Plaintiff requests $250,000.00 in damages from each defendant and the "dismissal of all Defendants" from their jobs. (Complaint pp. 5-7.)

Prior to entering MHCI, Plaintiff states that he had hip surgery on or about December 15, 2000. Because of the surgery, Plaintiff was provided with a cane to take the weight off his hip. (Complaint p. 5; Inmate Grievance Forms pp. 18-22.) Also, Plaintiff states that he has flat feet, which, in Plaintiff's opinion, require orthopedic shoes. (Id. at 18.) When Plaintiff was transferred to MHCI, Plaintiff saw Dr. Parekh who, after reviewing x-rays, determined that Plaintiff no longer needed a cane. Dr. Parekh also determined that Plaintiff did not need orthopedic shoes; however, the doctor issued Plaintiff "low bunk" and "light duty" passes. (Id. at 5.) Plaintiff states that he suffered hip, back, and feet pain from not having the cane and special shoes; thus, he continued to submit requests and grievances for a cane and orthopedic shoes.[2] (Complaint p. 5; Grievance Forms pp. 18-25.)

---

[2] Plaintiff argues that, unlike his treatment at MHCI, upon intake at South Florida Reception Center ("SFRC") he was provided with an "adaptive devi[c]e (cane)." Complaint at 6. Upon reviewing Plaintiff's "Special Pass" from SFRC, it appears that this adaptive device was issued by SFRC on February 20, 2003- 2 years before Plaintiff filed this instant action. Moreover, according to the

(continued...)

Plaintiff wrote Warden Douberley on two of the grievance forms and requested to talk to the Warden about his treatment by Dr. Parekh. (Complaint; Grievance form p. 17.)

In summary, Plaintiff alleges an Eighth Amendment claim for medical indifference against Dr. Parekh for failure to provide Plaintiff with a cane and orthopedic shoes. Plaintiff states that the Warden should be held liable for the Eighth Amendment violations because he "had final authority to procure staff in proper medical treatment." (Complaint, p. 7.)  The Complaint does not specifically state a basis for liability as to Defendant McCardel. Additionally, the Complaint is unclear as to whether Plaintiff brings this action against Defendants in their official or individual capacities, or both.

On February 17, 2006, Defendants Douberley, McCardel, and Parekh each filed a Motion to Dismiss. (Docs. #29, #29, #30, respectively.)  Defendant Douberley, who was the Warden at MHCI during Plaintiff's incarceration, seeks dismissal on the grounds that "Complaint fails to state any allegation . . . that would rise to the supervisory levels of deprivations that are obvious, flagrant, rampant, and of continued duration under supervisory liability under § 1983." (Doc. #28 p. 1.)  Defendant Douberley argues that the Complaint does not allege that he personally

---

[2](...continued)
Special Pass, Plaintiff was assigned the cane temporarily.  Id. at 9 (emphasis added).

participated in the alleged constitutional violation, nor was there a history of widespread abuse that put him on notice. Further, the defendant argues that under § 1983, a supervisor cannot be held liable under a theory of respondent superior for actions of subordinates. (<u>Id.</u> at 2.)

Defendants McCardel and Dr. Parekh seek dismissal of the Complaint for failure to state a claim because there are no allegations that rise to the level of deliberate indifference to Plaintiff's medical needs. (Docs. #29 and #30.) Dr. Parekh further argues that matters of medical judgement do not give rise to a § 1983 claim. Defendant McCardel argues that there are no allegations in the Complaint directed at him.

In Response to Defendants' Motions to Dismiss, Plaintiff argues that Defendants are not as qualified as doctors who specialize in orthopedic surgery. Plaintiff also states that although Dr. Parekh took an x-ray, he did not examine the medical records from Plaintiff's "street doctor." (<u>See</u> Doc. #31 at 3.) Additionally, Plaintiff attaches documents with his Response. Although the Court does not rely on these attachments, one of the documents is a receipt dated October 11, 2005, from Wexford Correctional Institution, indicating that Plaintiff received orthopedic boots, after he left MHCI. (Doc. # 31, p. 9.)

**II.**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under the color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities, guaranteed under the Constitution or the laws of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniel v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc. 840 F.2d 797, 800 (11th Cir. 1988), *aff'd,* Zimmerman v. Burch, 494 U.S. 113 (1990).

In addition, a plaintiff must allege and establish an affirmative casual connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, 286 F.3d at 1059; Swint v. City of Wadley, 51 F.3d at 988 (11th Cir. 1995); Tittle v. Jefferson County Commn., 10 F.3d 1535, 1541 (11th Cir. 1994).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam) (citation omitted). For review under Fed. R. Civ. P. 12(b)(6), federal courts "'view the allegations of the complaint in the light most favorable to the plaintiff[], consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.'" La Grasta, 358 F.3d 840, 845 (11th Cir. 2004)(quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam))(alteration in original). Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.12 (11th Cir. 2005).

> "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist." Wagner v. Daewoo Heavy Industries Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), rev'd on other grounds, 314 F.3d 541 (11th Cir. 2002) (en banc). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (internal quotation marks and citation omitted); see also Associated Builders, Inc. v. Ala. Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true. . . ."); Robinson v. Jewish Ctr. Towers, Inc., 993 F.Supp. 1475, 1476 (M.D. Fla. 1998) ("[T]he court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions."); Cummings v. Palm Beach County, 642 F.Supp. 248, 249-50 (S.D. Fla. 1986) (finding vague and conclusory complaint failed to state a factual basis for claims of race and age discrimination required to give defendant notice necessary to prepare defense). To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.

Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1262-63 (11th Cir. 2004).

**III.**

Liberally construing Plaintiff's Complaint, Plaintiff raises an Eighth Amendment Claim stemming from the failure to provide Plaintiff with a cane and orthopedic shoes. In order to state a claim for a violation under the Eighth Amendment, Plaintiff must show that public officials acted with deliberate indifference to

-6-

Plaintiff's serious medical needs. Estelle V. Gamble, 429 U.S. 97 (1976); Farrow v. West, 320 F.3d 1235 (11th Cir. 2003).  Thus, a plaintiff first must show that he had an "objectively serious medical need" Id. (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); and, second that the official acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need. Farrow, Id. (quoting Farmer v. Brennan, 511 U.S. 825 (1994)).  Deliberate indifference is a state of mind more egregious and culpable than mere negligence. Estelle, 429 U.S. at 104-106.  In fact, even gross negligence does not satisfy the "sufficiently culpable state of mind" standard. Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004).  Thus, "medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Faison v. Rosado, 129 Fed. Appx. 490, 491 (11th Cir. 2005) (quoting Harris v. Thigpen, 941 F.2d 1495, 1501 (11th Cir. 1991)).

**IV.**

Considering the facts in this case, the Court agrees with Defendants that the Complaint fails to state a claim against Warden Douberley, Dr. Parekh, and Defendant McCardel.  Thus, Defendants' Motions to Dismiss are due to be granted.

With respect to Defendant McCardel, the Complaint is entirely void of any facts describing how Defendant McCardel violated Plaintiff's Eighth Amendment rights.  In addition to Defendant

McCardel's name appearing in the "Relief" section of the Complaint (Section V), the only other place Defendant McCardel's name appears is on an internal inmate grievance form in which Defendant McCardel denied Plaintiff's request for special shoes. (See Doc. #1 Complaint Grievance Form p. 20.)  The Court recognizes its obligation to liberally construe *pro se* pleadings. Haines v. Kerner, 404 U.S. 519 (1972) reh'g denied 405 U.S. 948 (1972). Nonetheless, Defendant McCardel's signature on a form is insufficient to give raise to a constitutional.  "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999), cert. denied, 529 U.S. 1115, 120 S. Ct. 1974, 146 L. Ed. 2d 804 (2000); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); aff'd, 915 F.2d 1574 (6th Cir. 1990); see also Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984).  Consequently, Defendant McCardel's Motion to Dismiss is granted.

Assuming arguendo that Plaintiff has alleged a serious medical condition, the Court finds that Plaintiff's Complaint fails to state a claim against Defendant Parekh for medical indifference. Plaintiff concedes that Dr. Parekh examined him on July 14, 2004, and July 21, 2003. Further, Dr. Parekh reviewed Plaintiff's x-rays. Plaintiff merely disagrees with Dr. Parekh's judgement that

Plaintiff does not require a cane and/or orthopedic shoes.  The course of treatment chosen by a medical official is "a classic example of a matter for medical judgment."  Estelle, 429 U.S. at 107.  No constitutional violation exists where an inmate and prison medical official merely disagree as to the proper course of medical treatment. Id. at 106.  Classic examples of matters for medical judgment include whether an x-ray, or additional diagnostic technique or form of treatment are indicated. Id. at 107.  Even if Dr. Parekh did not review Plaintiff's "street doctor's" records, this allegation does not raise to the level of a constitutional violation.[3]

Finally, Plaintiff's claim against Defendant Douberley appears predicated upon his supervisory position as the Warden of MCHI.  The Complaint states, that Warden Douberley should be held liable because he "had final authority to procure staff in proper medical treatment." (Complaint at 7.)  On the contrary, § 1983 claims predicated on *respondent superior* theories have been uniformly rejected. Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994).  Additionally, Plaintiff's Complaint does not contain any allegations of a policy, custom or practice that was the "moving force" behind Defendant Douberley's alleged misconduct.  Board of

---

[3] The Court notes that even when Plaintiff was provided a cane at SFRC, Plaintiff was proscribed the cane "temporarily."

County Commissioners v. Brown, 117 S. Ct. 1382, 1388 (1997). See also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. State, 111 F. Supp. 2d 1326 (S.D. Fla. 2000).

Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Douberley, Parekh, and McCardel under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and Plaintiff's Complaint will be dismissed against the Defendants.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Thomas Douberley's Motion to Dismiss Plaintiff's Complaint (Doc. #28) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to Defendant Douberley.

2. Defendant John McCardel's Motion to Dismiss Plaintiff's Complaint(Doc. #29) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to Defendant McCardel.

3. Defendant Dr. Parekh's Motion to Dismiss Plaintiff's Complaint(Doc. #30) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice as to Defendant Parekh.

   4.  The Clerk of Court shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

   **DONE AND ORDERED** in Fort Myers, Florida, on this   1st   day of August, 2006.

   _____
   JOHN E. STEELE
   United States District Judge


SA:   alj
Copies: All Parties of Record